UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

ZELDA JIRON and SIMON JIRON,

      Plaintiffs,

  v.

                                      Civ. No. 12-428 RHS/LFG

CHRISTUS ST. VINCENT
REGIONAL MEDICAL CENTER,

      Defendant.

ST. VINCENT HOSPITAL, d/b/a CHRISTUS
ST. VINCENT REGIONAL MEDICAL CENTER,

      Third-party Plaintiff,

v.

UNITED STATES OF AMERICA,

      Third-party Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiffs' Motion to Remand [Doc. 4] and Third-Party Defendant's Motion to Dismiss the United States of America as Third-Party Defendant Pursuant to 28 U.S.C. § 12(b)(1) or in the Alternative for Summary Judgment [Doc. 12]. The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that the motions are well-taken and will be GRANTED.

### BACKGROUND

On December 20, 2011, Plaintiffs filed a complaint in the First Judicial District Court of New Mexico against Christus St. Vincent Regional Medical Center ("Christus"), asserting claims

for medical negligence and loss of consortium. *See* Doc. 1-1. On February 2, 2012, Christus filed an answer to the complaint. On February 8, 2012, Christus filed a Third-Party Complaint for indemnification and contribution, naming La Familia Medical Center ("La Familia") and Gary Giblin, M.D. ("Dr. Giblin") as Third-Party Defendants. *See* Doc. 1-1. The Third-Party Complaint was served on La Familia and Dr. Giblin on March 9, 2012.

The Third-Party Complaint alleges that Dr. Giblin provided medical treatment to Plaintiff Zelda Jiron at Christus, that Dr. Giblin was employed at the time by La Familia, and that he was acting within the scope of that employment when he treated Ms. Jiron. The Third-Party Complaint claims a right to indemnification and contribution from Dr. Giblin and La Familia, in the event Dr. Giblin is found to have been negligent in his treatment of Ms. Jiron and Christus is held vicariously liable to Plaintiffs for Dr. Giblin's conduct.

On April 23, 2012, the government certified that La Familia and Dr. Giblin, as of January 1, 2006, were deemed eligible for malpractice coverage under the Federal Tort Claims Act ("FTCA"), pursuant to 42 U.S.C. Section 233(h). Doc. 1-2. As a result, the government further certified that Dr. Giblin is deemed to have been acting within the scope of his employment as an employee of the United States at the time of the incident of which Plaintiff complains. *Id.* Based on its certification, on April 24, 2012, the United States filed a Notice of Removal of Action pursuant to 42 U.S.C. Section 233(c). Doc. 1.

On April 26, 2012, Plaintiffs filed the instant motion to remand. Doc. 4. Plaintiffs argue that because the sole basis for removal is that the claims alleged in the Third-Party Complaint are against persons or entities covered by the FTCA, and because claims under the FTCA lie within the exclusive jurisdiction of the federal courts, the state court, in the first instance, lacked subject matter jurisdiction over the claims asserted against the Third-Party Defendants. Plaintiffs'

2

argument continues that, under the applicable doctrine of "derivative jurisdiction," this Court acquired no jurisdiction over those claims upon removal, and this Court thus is statutorily required to remand the case to state court. The government filed a response on May 11, 2012, which, although noting policy arguments against remand, does not oppose Plaintiffs' request for remand. The government requests only that the Court dismiss the Third-Party Complaint as to the United States before remand. Doc. 10. Defendant/Third-Party Plaintiff St. Vincent Hospital filed no response to Plaintiff's motion.

On May 21, 2012, the government filed a motion to dismiss, for lack of subject matter jurisdiction, the United States as Third-Party Defendant. Doc. 12. In its motion, the government reiterates its request that the Court dismiss the Third-Party Complaint before remanding this case to state court. Plaintiffs do not oppose the government's motion. Third-Party Plaintiff St. Vincent Hospital, however, filed a response in opposition on June 4, 2012. Doc. 19. St. Vincent Hospital argues that, under the circumstances of this case, the derivative jurisdiction doctrine does not require dismissal of the Third-Party Complaint or remand to state court.

## DISCUSSION

I.     Doctrine of Derivative Jurisdiction

Under the doctrine of derivative jurisdiction, "a district court must dismiss a complaint if the state court from which the case was removed lacked jurisdiction." *A.Q.C. v. Bronx-Lebanon Hosp. Center*, No. 11 Civ. 2656, 2012 WL 170902, *4 (S.D.N.Y. Jan. 20, 2012) (citation omitted). "This result obtains even if the reason the state court lacked jurisdiction is that the complaint lies within the exclusive jurisdiction of the federal courts." *Id.* (citation omitted). The derivative jurisdiction doctrine originated in the decision of *Lambert Run Coal Co. v. Baltimore & Ohio R.R.*, in which the Supreme Court stated: "[t]he jurisdiction of the federal court on removal is, in a

limited sense, a derivative jurisdiction.   If the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction."   258 U.S. 377, 382 (1922).

In 1985, Congress amended the general removal statute to eliminate derivative jurisdiction for cases removed under 28 U.S.C. Section 1441.   The 1985 amendment, originally codified at Section 1441(e), provided that "the court to which such civil action is removed is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim."   In 2002, however, Congress again amended the removal statute, designating the paragraph added in the 1985 amendment as Section 1441(f), and revising the text of that paragraph to replace the words, "The court to which such civil action is removed," with the words, "The court to which a civil action is removed *under this section*."   28 U.S.C. Section 1441(f) (emphasis added).   "In amending the statute in 2002, and replacing less precise language with much more specific language, Congress left no doubt that Section 1441(f) applies only to removals under Section 1441 and not to removals under any other section of the United States Code."   *Barnaby v. Quintos*, 410 F. Supp. 2d 142, 144 (S.D.N.Y. 2005).   As this Court has noted, "the majority of the Circuit Courts of Appeals that have addressed this issue, including the Tenth Circuit, have determined that federal courts' jurisdiction remains derivative of state courts' jurisdiction for those cases removed under statutes other than 28 U.S.C. § 1441."   *Bowers v. J & M Discount Towing, LLC*, 472 F. Supp. 2d 1248, 1254 (D.N.M. 2006) (collecting cases); *but see Rodas v. Seidlin*, 656 F.3d 610 (7th Cir. 2011) (declining to dismiss case, which had already reached summary judgment phase, under derivative jurisdiction doctrine).

II.     The Instant Case

Here, Plaintiffs argue, and the government agrees, that under 28 U.S.C. Sections 1346(b)(1) and 2679(b)(2), the Third-Party Complaint against La Familia and Dr. Giblin could only be brought against the United States in federal district court, and that the state court thus lacked jurisdiction in the first instance.   Plaintiffs further argue, and the government further agrees, that because the government removed this case pursuant to 42 U.S.C. Section 233(c), rather than pursuant to 28 U.S.C. Section 1441, the doctrine of derivative jurisdiction applies, and as a result, this Court equally lacks subject matter jurisdiction.   Plaintiffs thus request that the Court remand the case to state court.   The government requests that, prior to remand, the Court dismiss the Third-Party Complaint as against the government.

Third-Party Plaintiff, St. Vincent Hospital, disagrees and, although failing to respond to Plaintiff's motion to remand, opposes the government's motion to dismiss and argues in its opposition that remand is also unwarranted.   In support of its opposition, St. Vincent Hospital first argues that the state court did not lack jurisdiction at the time the Third-Party Complaint was filed, as it was not until the government filed the Certification of Scope of Employment on April 23, 2012, that La Familia and Dr. Giblin were deemed eligible for coverage under the FTCA.   Prior to the certification, St. Vincent Hospital argues, La Familia and Dr. Giblin were subject to suit in state court.

This argument is unconvincing.   As an initial matter, the government's Certification makes clear that the effective date of La Familia's eligibility for malpractice coverage under the FTCA was as early as January 1, 2006.   Accordingly, when St. Vincent Hospital filed its claims

5

against La Famila and Dr. Giblin on February 8, 2012, the state court lacked jurisdiction.[1]

Even if this were not so, however, the Court would reject St. Vincent Hospital's argument, as it fails to acknowledge Congress' intent, as set forth in Section 1441(f), to retain the doctrine of derivative jurisdiction in cases removed pursuant to provisions other than Section 1441, including Section 233(c), the statute pursuant to which removal was effected here.   Accepting St. Vincent's argument would:

> eliminate the doctrine of derivative jurisdiction in FTCA cases because it could always be argued that the state court had jurisdiction when the federal defendant was sued and only lost jurisdiction sometime thereafter, after the federal government was actually certified by the Attorney General as a federal employee acting within the scope of his office or employment at the time of the incident out of which the claim arose, *see* 28 U.S.C. § 2679(d)(2), removal had occurred, and a motion to substitute the United States had been decided.   This would be contrary to those cases that have employed the doctrine of derivative jurisdiction to dismiss FTCA claims after their removal from state court.

*Barnaby*, 410 F. Supp. 2d at 146 (citations omitted).

Next, St. Vincent Hospital argues that this case is distinguishable from the "leading cases" invoking derivative jurisdiction, as those cases involved third-party defendants that were "indisputably federal agencies," namely the Postal Service and the Internal Revenue Service, while here, La Familia and Dr. Giblin held themselves out as a private entity and a private physician, respectively.   This argument, too, is unavailing.   St. Vincent Hospital has provided no authority to suggest that there is any meaningful distinction between third party complaints brought against federal agencies and their employees, on the one hand, and those brought against private parties later deemed by the Attorney General to be federal entities or employees, on the

---

[1] Although not cited by any of the parties herein, there are decisions from other districts reaching a contrary result. *See, e.g., Stokley v. United States*, No. 10-cv-1383, 2011 WL 1043344 (D. Colo. Mar. 17, 2011) (finding persuasive the plaintiff's position that the state court, in the first instance, did not lack jurisdiction, as federal jurisdiction did not arise until the Attorney General certified that employee of Postal Service was acting within scope of her federal employment).   The Court is not obligated to follow those decisions, however, and does not find them persuasive.

other hand.  Indeed, the decisions in *Barnaby* and *A.Q.C.* – both cases in which federal district courts employed the doctrine of derivative jurisdiction to dismiss FTCA claims after removal from state court, where removal was premised on certification by the Attorney General of federal entity/employee status – provide persuasive authority to the contrary.[2]  Further, St. Vincent Hospital has provided no authority to suggest that its own perceptions of La Familia and Dr. Giblin have any relevance to the jurisdictional issue before the Court.

## CONCLUSION

Under 28 U.S.C. Sections 1346(b)(1) and 2679(b)(2), the Third-Party Complaint against La Familia and Dr. Giblin could only be brought against the United States in federal district court, and thus, in the first instance, the New Mexico state court lacked jurisdiction.  Because the government removed this case pursuant to 42 U.S.C. Section 233(c), rather than pursuant to 28 U.S.C. Section 1441, the doctrine of derivative jurisdiction applies, and as a result, this Court equally lacks subject matter jurisdiction.  For these reasons, the Court will dismiss the Third-Party Complaint as against the government, and remand this case to state court.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Remand [Doc. 4] and Third-Party Defendant's Motion to Dismiss the United States of America as Third-Party Defendant Pursuant to 28 U.S.C. § 12(b)(1) or in the Alternative for Summary Judgment [Doc. 12] are **GRANTED**, as follows: the Third-Party Complaint is dismissed against the Third-Party Defendant, and this action is remanded to the District Court for the First Judicial District of the State of New Mexico.

---

[2] Again, the Court is aware of case law in other districts reaching a different conclusion, but does not find those cases persuasive.  *See, e.g., Stokley*, *supra*; *Nye v. Hilo Med. Center*, No. 09-220, 2010 WL 931926 (D. Haw. Mar. 11, 2010) (finding subject matter jurisdiction existed in FTCA case removed from state court pursuant to U.S.C. Section 233(c)).

DATED this 7th day of November, 2012.

_____
MARTHA VAZQUEZ
United States District Judge